JS - 6  LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00417 GAF (AJWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | Cauthen et al v. Saxon Mortgage Services Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

On February 16, 2011, the Court ordered Defendants Saxon Mortgage Services, Inc., Ocwen Loan Servicing, LLC, and Western Progressive, LLC ("Western LLC") (collectively, "Defendants") to show cause why this case should not be remanded for lack of subject matter jurisdiction. (Docket No. 17.) Specifically, the Court explained that in a prior case, Rabadi v. Ocwen Loan Servicing, LLC, CV 10-9459 GHK (SSx) (C.D. Cal. Jan. 5, 2011), Western LLC[1] had alleged that its sole member, Altisource Portfolio Solutions S.A. ("Altisource"), was an LLC that was owned by several members who were citizens of the United States and domiciled in Luxemburg. (Docket No. 17.) Citing to Circuit law, the Court explained that the presence of Western in this action destroyed complete diversity and ordered Defendants to show cause why this case should not be dismissed for lack of subject matter jurisdiction by the close of business on Friday, February 18, 2011. (Id.); see Brady v. Brown, 51 F.3d 810, 815 (9th Cir. 1995) (holding that the presence of a defendant who was both a citizen of the United States and domiciled in a foreign country "destroyed the complete diversity required for federal jurisdiction."); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state

---

[1] "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

JS - 6         **LINK: 17**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00417 GAF (AJWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | Cauthen et al v. Saxon Mortgage Services Inc et al | | |

of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.") (citation omitted).

     The docket reflects that no such response has been timely filed, and that no extension was requested by Defendants. The Court cautioned Defendants that their failure to timely and adequately address the jurisdictional concerns raised in the order to show cause would be deemed consent to dismissal of the action. By failing to respond, the Court finds that Defendants have admitted that this Court lacks subject matter jurisdiction over this case. Thus, the present action is hereby **REMANDED** to the state court from which it was originally removed. See 28 U.S.C. § 1447(c).

     The hearing on the Motion to Remand (Docket No. 15) noticed for March 14, 2011 is **VACATED.**

     **IT IS SO ORDERED.**